IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 21-cv-03026-PAB

TRACY MCLAUGHLIN,

    Plaintiff,

v.

GARY HUGHES, individually and as co-trustee of the HUGHES FAMILY REVOCABLE TRUST;
LORI HUGHES, individually and as co-trustee of the HUGHES FAMILY REVOCABLE TRUST;
HUGHES FAMILY REVOCABLE TRUST; and
777 CLUB, LLC,

    Defendants.

## ORDER TO SHOW CAUSE

This matter is before the Court *sua sponte* on the Complaint [Docket No. 1]. Plaintiff asserts that the Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332. *Id.* at 5, ¶ 10.

In every case and at every stage of the proceeding, a federal court must satisfy itself as to its own jurisdiction, even if doing so requires *sua sponte* action. *See Citizens Concerned for Separation of Church & State v. City & Cnty. of Denver*, 628 F.2d 1289, 1297 (10th Cir. 1980). Absent an assurance that jurisdiction exists, a court may not proceed in a case. *See Cunningham v. BHP Petroleum Gr. Brit. PLC*, 427 F.3d 1238, 1245 (10th Cir. 2005). Courts are well-advised to raise the issue of jurisdiction on their own, regardless of parties' apparent acquiescence. First, it is the Court's duty to do so. *Tuck v. United Servs. Auto. Ass'n*, 859 F.2d 842, 844 (10th Cir.

1988). Second, regarding subject matter jurisdiction, "the consent of the parties is irrelevant, principles of estoppel do not apply, and a party does not waive the requirement by failing to challenge jurisdiction." *Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982) (internal citations omitted). Finally, delay in addressing the issue only compounds the problem if, despite much time and expense having been dedicated to the case, a lack of jurisdiction causes it to be dismissed. *See U.S. Fire Ins. Co. v. Pinkard Constr. Co.*, No. 09-cv-00491-PAB-MJW, 2009 WL 2338116, at *3 (D. Colo. July 28, 2009).

"The party invoking federal jurisdiction bears the burden of establishing such jurisdiction as a threshold matter." *Radil v. Sanborn W. Camps, Inc.*, 384 F.3d 1220, 1224 (10th Cir. 2004). Thus, the Court presumes that no jurisdiction exists absent an adequate showing by the party invoking federal jurisdiction. *Lorentzen v. Lorentzen*, No. 09-cv-00506-PAB, 2009 WL 641299, at *1 (D. Colo. Mar. 11, 2009). Plaintiff asserts that the Court has diversity jurisdiction under 28 U.S.C. § 1332. Docket No. 1 at 5, ¶ 10. Pursuant to that section, "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a). While, at the pleading stage, the Court takes as true all "well-pled (that is, plausible, conclusory, and non-speculative) facts," *Dudnikov v. Chalk & Vermilion Fine Arts*, 514 F.3d 1063, 1070 (10th Cir. 2008), the allegations regarding the citizenship of the parties are not well-pled.

First, plaintiff alleges that she is a "California resident" and that "the Hugheses",

2

presumably defendants Gary Hughes and Lori Hughes, are "Colorado residents." Docket No. 1 at 4, ¶¶ 1–2.  These allegations are deficient.  "For purposes of federal diversity jurisdiction, an individual's state citizenship is equivalent to domicile." *Smith v. Cummings*, 445 F.3d 1254, 1259 (10th Cir. 2006).  "To establish domicile in a particular state, a person must be physically present in the state and intend to remain there." *Id*. at 1260.  Plaintiff's allegations regarding her citizenship and the Hugheses' are not well-pled because they establish only those parties' residency.  Residency, however, is not synonymous with domicile, *see Miss. Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989) ("'Domicile' is not necessarily synonymous with 'residence,' and one can reside in one place but be domiciled in another." (citations omitted)), and only the latter is determinative of a party's citizenship.  *See Whitelock v. Leatherman*, 460 F.2d 507, 514 (10th Cir. 1972) ("[A]llegations of mere 'residence' may not be equated with 'citizenship' for the purposes of establishing diversity.").  Courts are to consider the "totality of the circumstances" to determine a party's domicile.  *Middleton v. Stephenson*, 749 F.3d 1197, 1200–01 (10th Cir. 2014); *cf. Dumas v. Warner Literary Grp., LLC*, No. 16-cv-00518-RM-NYW, 2016 WL 10879185, at *2 (D. Colo. Apr. 29, 2016) (stating that courts consider a number of factors in determining a party's citizenship, including "voter registration and voting practices").  Voter registration is persuasive evidence of a person's citizenship because an individual registering to vote often must declare, under penalty of perjury, that he or she has been a resident of the state for a period of time before registration and that the address provided on the registration is the registrant's only place of residence.  *See Searle v. CryoHeart Lab'ys,*

*Inc.*, No. 20-cv-03830-PAB, 2021 WL 1589268, at *2–3 (D. Colo. Apr. 22, 2021) (describing Colorado voter registration requirements and explaining why voter registration and voting practices are strong evidence of citizenship).

Second, plaintiff alleges that the Hugheses are "co-trustees of the Trust." Docket No. 1 at 4, ¶ 3. This allegation is insufficient to establish the citizenship of defendant Hughes Family Revocable Trust (the "Trust"). In *Americold Realty Trust v. ConAgra Foods, Inc.*, the Supreme Court held that the citizenship of a real estate investment trust, like the citizenship of other unincorporated entities, depends on the citizenship of all its members. 136 S. Ct. 1012, 1016 (2016). "[W]hen a trustee files a lawsuit in *her* name, her jurisdictional citizenship is the State to which she belongs – as is true of any natural person." *Id.* Thus, *Americold* appears to establish rules for determining a party's citizenship depending on whether the party is a trustee or the trust itself. However, the Court further explained:

> Americold's confusion regarding the citizenship of a trust is understandable and widely shared. The confusion can be explained, perhaps, by tradition. Traditionally, a trust was not considered a distinct legal entity, but a "fiduciary relationship" between multiple people. Such a relationship was not a thing that could be haled into court; legal proceedings involving a trust were brought by or against the trustees in their own name. And when a trustee files a lawsuit or is sued in her own name, her citizenship is all that matters for diversity purposes. For a traditional trust, therefore, there is no need to determine its membership, as would be true if the trust, as an entity, were sued. Many States, however, have applied the "trust" label to a variety of unincorporated entities that have little in common with this traditional template. . . . So long as such an entity is unincorporated, we apply our "oft-repeated rule" that it possesses the citizenship of all its members. But . . . this rule [does not] limit[] an entity's membership to its trustees just because the entity happens to call itself a trust.

*Id*. (internal citations omitted). Although this language is open to interpretation, the

Court has adopted the interpretation of at least six circuits that *Americold* establishes, "in contrast to a business trust, the citizenship of a traditional trust is determined solely by the citizenship of its trustees." *Woodward, Inc. v. ZHRO Solutions, LLC*, No. 18-cv-01468-PAB, 2018 WL 4697324, at *2 (D. Colo. June 26, 2018) (citing *GBForefront, L.P. v. Forefront Mgmt. Grp., LLC*, 888 F.3d 29, 34 (3d Cir. 2018)); *see also Alliant Tax Credit 31, Inc. v. Murphy*, 924 F.3d 1134, 1143 (11th Cir. 2019); *Bank of New York Mellon as Tr. for Benefit of Certificate Holders of CWABS, Inc., Asset Backed Certificates, Series 2004-2 v. Thunder Properties, Inc.*, 778 F. App'x 488, 488 (9th Cir. 2019) (unpublished); *Doermer v. Oxford Fin. Grp., Ltd.*, 884 F.3d 643, 647 (7th Cir. 2018); *Raymond Loubier Irrevocable Trust v. Loubier*, 858 F.3d 719, 729 (2d Cir. 2017); *Wang ex rel. Wong v. New Mighty U.S. Trust*, 843 F.3d 487, 494 (D.C. Cir. 2016). Thus, in order to demonstrate a trust's citizenship, a party must allege facts demonstrating that the trust is either a traditional trust or a business trust.[1] If the trust is a traditional trust, the party must then trace the citizenship of all of its trustees; if the trust is a business trust, the party must trace the citizenship of all of its members. Here,

---

[1] There are two principal distinctions between a traditional trust and a business trust. *See Woodward*, 2018 WL 4697324, at *2 (citing *GB Forefront*, 888 F.3d at 40–41). First, "a traditional trust exists as a fiduciary relationship," while a business trust is treated as a distinct legal entity. *GB Forefront*, 888 F.3d at 40. Second, "a traditional trust facilitates a donative transfer, whereas a business trust implements a bargained-for exchange." *Id.* The Ninth Circuit has identified additional factors to consider when defining a trust, including "the nature of the trust as defined by the applicable state law, whether the trust has or lacks juridical person status, whether the trustee possesses real and substantial control over the trust's assets, and the rights, powers, and responsibilities of the trustee, as described in the controlling agreement." *Demarest v. HSBC Bank USA, N.A. as Tr. for registered holders of Nomura Home Equity Loan, Inc., Asset-Backed Certificates, Series 2006-HE2*, 920 F.3d 1223, 1229–30 (9th Cir. 2019) (internal citations omitted).

the complaint lacks information from which the Court could properly analyze whether the Trust is a "business trust" or a "traditional trust." Therefore, the Court is unable to determine the Trust's citizenship. Furthermore, to the extent plaintiff identifies the Hugheses as co-trustees, the plaintiff's allegations regarding the Hugheses' citizenship are not well-pled.

The citizenship allegations regarding defendant 777 Club, LLC ("777 Club") are also not well-pled. The citizenship of an LLC and other unincorporated association is determined not by its state of organization or principal place of business, but by the citizenship of all of its members. *See Siloam Springs Hotel, LLC v. Century Sur. Co.*, 781 F.3d 1233, 1237-38 (10th Cir. 2015) ("[I]n determining the citizenship of an unincorporated association for purposes of diversity, federal courts must include all the entities' members."). Plaintiff, as the proponent of federal jurisdiction, must specifically identify and state the citizenship of each member of each unincorporated association. *See Den 8888, LLC v. Navajo Express, Inc.*, No. 21-cv-00321-STV, 2021 WL 463623, at *3 (D. Colo. Feb. 9, 2021); *U.S. Advisor, LLC v. Berkshire Prop. Advisors, LLC*, No. 09-cv-00697-PAB-CBS, 2009 WL 2055206, at *2 (D. Colo. July 10, 2009) (citing *Hicklin Eng'g, L.C. v. Bartell*, 439 F.3d 346, 347 (7th Cir. 2006)); *Alphonse v. Arch Bay Holdings, L.L.C.*, 618 F. App'x 765, 768 (5th Cir. 2015) (unpublished) ("[W]e have observed that the appropriate tests for citizenship involve tracing [entities'] citizenships down the various organizational layers where necessary." (internal citation omitted)); *Underwriters at Lloyd's, London v. Osting-Schwinn*, 613 F.3d 1079, 1092 (11th Cir. 2010) (remanding case in which party invoking the court's diversity jurisdiction did not

disclose the identity and citizenship of each member of an unincorporated entity); *Delay v. Rosenthal Collins Grp., LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009) ("When diversity jurisdiction is invoked in a case in which a limited liability company is a party, the court needs to know the citizenship of each member of the company. And because a member of a limited liability company may itself have multiple members – and thus may itself have multiple citizenships – the federal court needs to know the citizenship of each 'sub-member' as well."); *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004) ("[A] party must list the citizenships of all the members of the limited liability company."); *Prospect Funding Holdings, LLC v. Fennell*, 2015 WL 4477120, at *2 (S.D.N.Y. July 15, 2015) (collecting New York district court decisions holding that a limited liability company must "plead facts establishing their citizenship including, . . . the identity and citizenship of their members" in order to invoke diversity jurisdiction). A negative allegation of citizenship is not sufficient. *See, e.g.*, *D.B. Zwirn Special Opportunities Fund, L.P. v. Mehrotra*, 661 F.3d 124, 125–26 (1st Cir. 2011) (holding that allegations of LLC's citizenship in the negative are insufficient to establish diversity jurisdiction); *see also* 13E Charles A. Wright et al., *Fed. Prac. & Proc.* § 3611 (3d ed. 2009) (updated Oct. 2020) ("Neither is a negative statement that a party is not a citizen of a particular state usually sufficient.").

Thus, the allegation about the "principal place of business" of the LLC is not relevant. *See* Docket No. 1 at 4, ¶ 7. Although plaintiff identifies Robert ("Chet") Winchester ("Winchester") as the sole member of 777 Club, *see id.* at 2; *id.* at 4, ¶ 9, plaintiff conflates Winchester's residency with his citizenship, and the allegation

regarding his citizenship are, therefore, not well-pled.

Because the allegations regarding the parties' citizenship is not well-pled, the Court is unable to determine the parties' citizenship and whether the Court has jurisdiction. *See United States ex rel. General Rock & Sand Corp. v. Chuska Dev. Corp.*, 55 F.3d 1491, 1495 (10th Cir. 1995) ("The party seeking the exercise of jurisdiction in his favor must allege in his pleading the facts essential to show jurisdiction." (quotations omitted)). It is therefore

**ORDERED** that, on or before **November 24, 2021**, plaintiff shall show cause why this case should not be dismissed due to the Court's lack of subject matter jurisdiction.

DATED November 17, 2021.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge